NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

ALBERT WYLIE, PETITIONER, v. CHARLES T. EASTBURN, OR, IN THE ALTERNATIVE, JOSEPH VINCH, RESPOND-ENT.

**Employe Directed by One Respondent to Drive Such Respondent's Truck When Directed by Other Respondent to Do So— While Attempting to Help An Employe of the Other Respondent to Repair a Truck Belonging to Other Respondent He Was Injured—Held, Not to Have Been Injured in Course of His Employment.**

This action was brought by Albert Wylie against Charles T. Eastburn or Joseph Vinch in the alternative under the first section of the Workmen's Compensation act. The action was prosecuted against the respondent, Joseph Vinch, alone.

It appears that the petitioner was employed steadily by Vinch as a truck driver; that on the 21st day of April, 1924, said Vinch, who was in the trucking business, had an arrangement with the respondent, Eastburn, whereby Vinch was to haul sand and gravel for Eastburn; that Vinch sent

the petitioner, Wylie, upon one of the trucks to the place where Eastburn was having the sand and gravel hauled, and told the petitioner to haul sand and gravel wherever instructed to by Eastburn or his foreman.  The petitioner was at no time in the employ of Eastburn.  There was testimony by the petitioner that he was to "do anything anybody told him to," but it was denied by the respondent, Vinch, that he gave any such instruction or order to the petitioner.

It also appears that another truck owned by Eastburn, being driven by another person, an employe of Eastburn, in the same work, had become stalled on the road; that the petitioner went over to the stalled truck and attempted to start it; that he was unable to do so and proceeded to get under the truck to see what the trouble was; he was warned by the driver of the truck not to get under it as it was dangerous, but disregarded the warning, proceeded under the truck and had his arm injured by the machinery while he was examining the truck.  It does not appear that the petitioner at any time was under a duty to repair a truck either for Vinch or for Eastburn.  His sole duty was to drive a truck provided by Vinch wherever told to by Eastburn or his foreman.

OPINION.

It seems to us that the injury caused to the petitioner did not arise out of or in the course of his employment.  It was at no time the duty of the respondent, Vinch, to repair a truck owned by Eastburn; consequently, it could not have been the duty of the petitioner, Wylie, to do for Eastburn what Vinch was not called upon to do.

Moreover, it was not shown that it was the duty or part of the employment of the petitioner to repair a truck owned by the respondent, Vinch.  In fact, it was testified, and it would seem to be so that whenever a truck of Vinch broke down, it was the duty of Wylie to call Vinch and obtain in-

46    NEW JERSEY MISCELLANEOUS REPORTS.

structions as to what to do for repairs.   If this be so, it was not the duty of Wylie to repair his truck.   *A fortiori* it could not have been the duty or part of the employment of Wylie to repair a truck, not only not belonging to Vinch, but actually being driven by an entirely different person; Wylie was the driver of a truck, not a general mechanic for the repair of all automobiles.

Furthermore, the fact that Wylie was warned by the driver of the stalled truck not to proceed under the truck, indicates that it was not part of his duties or employment to repair the stalled truck.   It is unreasonable to believe that it was part of Wylie's business to do anything that "anybody told him to."   Common experience shows that persons are not hired to do anything that anybody tells them to.   It seemed to have been urged at the hearing that upon this ground the petitioner was acting in the course of his employment when he was injured, but this proof is not only so broad that it cannot be believed, but is so indefinite that it leaves no clear impression of the limits of his duties.

The claim of the petitioner must therefore be dismissed.

W. E. STUBBS,
*Deputy Commissioner of Compensation.*